SMITH, Chief Judge, dissenting. The majority holds that the ALJ failed to fully and fairly develop the record.- Specifically, thé majority’holds that the ALJ failed to seek clarification of the terms “no acute distress” and “normal movement of all extremities.” I respectfully dissent. Combs argues that the ALJ failed to fully and fairly develop the record because he failed to seek clarification of the terms “nó acute distress” and “normal movement of all extremities” and improperly relied on his own interpretations of these terms. Combs essentially argues that these terms were unclear and that the ALJ was duty-bound to ask the treating physicians- for more information. “The ALJ’s duty to develop the record, however, does not extend so far” as to necessarily require an ALJ to seek more information when an opinion is arguably unclear. See Stormo; 377 F.3d at 806. “The ALJ must neutrally develop the facts. He does not, however, have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped.” Id. (citation omitted). The medical record contains dozens of treatment notes detailing Combs’s physical limitations. In this case, no crucial issue was undeveloped as to create a duty to seek additional information from Combs’s treating physicians. See KKC ex rel. Stoner v. Colvin, 818 F.3d 364, 372 (8th Cir. 2016). I therefore respectfully dissent.